(Official Form 1) (12/02)

| FORM B1 | **United States Bankruptcy Court**<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Kimberly Holloway** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**Kimberly Spencer** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**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** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**3826 W. Van Buren St.**<br>**Chicago, IL  60624** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:   **Cook** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)

☑ Individual(s)   ☐ Railroad
☐ Corporation   ☐ Stockbroker
☐ Partnership   ☐ Commodity Broker
☐ Other _____   ☐ Clearing Bank

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check on box)

☐ Chapter 7   ☐ Chapter 11   ☑ Chapter 13
☐ Chapter 9   ☐ Chapter 12
☐ Sec. 304 - Case ancillary to foreign proceeding

**Nature of Debts** (Check one box)

☑ Consumer/Non-Business   ☐ Business

**Filing Fee** (Check one box)

☑ Full Filing Fee attached
☐ Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business** (Check all boxes that apply)

☐ Debtor is a small business as defined in 11 U.S.C. § 101
☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expen paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 |
|---|---|---|---|---|---|
| | ☑ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 04/23/2004
Time: 16:21:52
Debtor: KIMBERLY HOLLOWAY
Case: 04-16147    Fee : 194
Chapter: 13 Rec. # : 3076903
Judge: Susan Pierson Sonderby
341 mtg: 05/19/2004 @ 01:00PM
ConfHrg: 06/17/2004 @ 10:30AM
Trustee: TOM VAUGHN

1:04BK16147-BK001

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Official Form 1) (12/02)

FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Kimberly Holloway** | |
|---|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location<br>Where Filed: **See Schedule Attached** | Case Number: | Date Filed: |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ~~*Kimberly Holloway*~~
Signature of Debtor                    **Kimberly Holloway**

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of Attorney

X _____  #6283500
Signature of Attorney for Debtor(s)

**ROBERT J SEMRAD**
Printed Name of Attorney for Debtor(s)

**Robert J Semrad & Associates 407 S Dearborn Ave**
Firm Name

**Suite 400**
Address

**Chicago, IL 60605**

**(312) 913-0625**
Telephone Number

_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)          Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** <u>Kimberly Holloway</u>            Case No. _____
Debtor(s)

## Continuation Sheet - Page 1 of 1

Prior Bankruptcy Case Filed Within Last 6 Years:

**Location Where Filed: Northern District Of Illinois**
**Case Number: 03-10267**
**Date Filed: 03-06-03**

**Location Where Filed: Northern District Of Illinois**
**Case Number: 03-46119**
**Date Filed: 11-12-03**

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
## Northern District of Illinois

IN RE:                                          Case No. _____

**Kimberly Holloway** _____   Chapter **13** _____
                      Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 160,000.00 | | |
| B - Personal Property | Yes | 2 | 9,480.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 194,210.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 21,390.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,106.33 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 2,136.33 |
| Total Number of Sheets in Schedules | | 12 | | | |
| Total Assets | | | 169,480.00 | | |
| Total Liabilities | | | | 215,600.00 | |

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Kimberly Holloway

Case No. _____

Debtor(s)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property".

Do not include interests in executory contracts and unexpired leases on the schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a security interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 1249 S. Kolin | Fee Simple | | 60,000.00 | 59,925.00 |
| 3826 W. Van Buren St. | Fee Simple | | 100,000.00 | 98,900.00 |
| | | TOTAL | 160,000.00 | |

(Report also on Summary of Schedules)

© 1993-2005 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE A - REAL PROPERTY

IN RE **Kimberly Holloway**                                                    Case No. _____
                                    Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attached a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions only in Schedule C - Property Claimed as Exempt.

Do not include interests in executory contracts and unexpired leases on the schedule. List them in Schedule G - Executory Contracts and Unexpired Leased.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking (Bank One)** | | 100.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | **7 rooms of furniture** | | 400.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Clothing** | | 100.00 |
| 7.  Furs and jewelry. | | **Misc. Jewelry** | | 80.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Kimberly Holloway**                                                    Case No. _____

Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2001 Chevrolet Monte Carlo** | | **8,800.00** |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  | TOTAL | **9,480.00** |
|---|---|---|---|

© 1983-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____ **0** continuation sheets attached

SCHEDULE B - PERSONAL PROPERTY

**IN RE** <u>Kimberly Holloway</u>                                      Case No. _____

Debtor(s)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1):  Exemptions provided in 11 U.S.C. § 522(d). NOTE: These exemptions are available only in certain states.

☑ 11 U.S.C. § 522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| **3826 W. Van Buren St.** | **735 ILCS 5 §12-901** | **7,500.00** | **100,000.00** |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Checking (Bank One)** | **735 ILCS 5 §12-1001(b)** | **100.00** | **100.00** |
| **7 rooms of furniture** | **735 ILCS 5 §12-1001(b)** | **400.00** | **400.00** |
| **Clothing** | **735 ILCS 5 §12-1001(a)** | **100.00** | **100.00** |
| **Misc. Jewelry** | **735 ILCS 5 §12-1001(b)** | **80.00** | **80.00** |
| **2001 Chevrolet Monte Carlo** | **735 ILCS 5 §12-1001(c)** | **1,200.00** | **8,800.00** |

© 1993-2003 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

IN RE Kimberly Holloway _____ Case No. _____

                                    Debtor(s)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C", respectively, in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL / UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| Account No. **0014622146** <br><br>**Chase Manhattan Mortgage** <br>**3415 Vision Dr Bankruptcy Dept G7** <br>**Columbuus, OH  43219** | | | **Mortgage Balance** <br>**1249 S. Kolin Ave** <br>**Chicago, Illinois  60623** <br><br> Value $ **60,000.00** | | | | **60,000.00** |
| Account No. <br><br>**Shapiro & Kreisman** <br>**4201 Lake Cook Road** <br>**Northbrook, IL  60062** | | | **Assignee or other notification for:** <br>**Chase Manhattan Mortgage** <br><br> Value $ | | | | |
| Account No. **0014622146** <br><br>**Chase Manhattan Mortgage** <br>**3415 Vision Dr. Bankr. Dept. G7** <br>**Columbus, OH  43219** | | | **Mortgage Arrerage** <br>**1249 S. Kolin** <br>**Chicago Illinois 60623** <br><br> Value $ **60,000.00** | | | | **18,500.00** |
| Account No. **525103-525103** <br><br>**City Of Chicago** <br>**Department Of Water** <br>**P;O. Box 6330** <br>**Chicago, IL  60680** | | | **Water Bill** <br>**12409 Kolin Ave** <br>**Chicago, Illinois 60623** <br><br> Value $ **60,000.00** | | | | **2,310.00** |
| Account No. **526631-526631** <br><br>**City Of Chicago** <br>**Department Of Water** <br>**P;O. Box 6330** <br>**Chicago, IL  60680** | | | **Water Bill** <br>**3826 W. Van Buren St** <br>**Chicago, Illinois 60624** <br><br> Value $ **100,000.00** | | | | **600.00** |

_____ **1** Continuation Sheets attached

Subtotal
(Total of this page) | **81,410.00**

(Complete only on last sheet of Schedule D)  **TOTAL**

(Report total also on Summary of Schedules)

© 1993-2003 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

IN RE Kimberly Holloway
_____

Case No. _____

Debtor(s)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL. / UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| Account No. **01158249430** <br><br> **Onyx Acceptance Corp** <br> **27051 Towne Center Dr** <br> **Foothill, CA  92610** | | | **Automobile Balance** <br> **2001 Chevrolet Monte Carlo** <br><br><br> Value $      **8,800.00** | | | | **9,000.00** <br><br> **200.00** |
| Account No. **1001118943** <br><br> **Upland Mortgage** <br> **P.O. Box 41415** <br> **Philadelphia, PA  19101** | | | **mortgage balance** <br> **3226 w. van buren st.** <br> **chicago, il 60624** <br><br> Value $      **100,000.00** | | | | **98,300.00** |
| Account No. **1001118943** <br><br> **Upland Mortgage** <br> **P.O. Box 41415** <br> **Philadelphia, PA  19101** | | | **Mortgage Arrerage** <br> **3826 W. Van Buren St.** <br> **Chicago, Illinois 60624** <br><br> Value $      **100,000.00** | | | | **5,500.00** |
| Account No. | | | <br><br> Value $ | | | | |
| Account No. | | | <br><br> Value $ | | | | |
| Account No. | | | <br><br> Value $ | | | | |
| Account No. | | | <br><br> Value $ | | | | |

Sheet _____ **1** of _____ **1** Continuation Sheets attached to Schedule D

Subtotal
(Total of this page)      **112,800.00**

(Complete only on last sheet of Schedule D)  **TOTAL**      **194,210.00**
(Report total also on Summary of Schedules)

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

IN RE <u>Kimberly Holloway</u>                     Case No. _____
Debtor(s)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H","W","J", or "C", respectively, in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the Total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS
(Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
     Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2)

☐ **Wages, salaries, and commissions**
     Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
     Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
     Claims of certain farmers and fishermen, up to a maximum of $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
     Claims of individuals up to a maximum of $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6)

☐ **Alimony, Maintenance, or Support**
     Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Other Certain Debts Owed to Governmental Units**
     Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
     Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

     * Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

___**0** Continuation Sheets attached

SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Kimberly Holloway _____    Case No. _____
                          Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H","W","J", or "C", respectively, in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Capital One Auto Finance**<br>Po Box 260848<br>Plano, TX  75026-0848 | | | **Auto Deficiency** | | | | 4,000.00 |
| Account No.<br><br>**City Of Chicago**<br>**Dept. Of Parking**<br>P. O. Box 88292<br>Chicago, IL  60680 | | | **Parking Tickets** | | | | 4,785.00 |
| Account No.<br><br>**Illinois Department Of Employment**<br>**401 S State St 4 North**<br>Chicago, IL  60605 | | | **Unemployment Overpayment** | | | X | 3,400.00 |
| Account No. **341726389**<br><br>**Illinois Student Commision**<br>P.O. Box 235<br>Deerfield, IL  60115 | | | **Student Loan** | | | | 8,490.00 |
| Account No. **0500033755915**<br><br>**Peoples Gas**<br>Chicago, IL  60687 | | | **Utility Bills** | | | | 715.00 |

_____**0**_____ Continuation Sheets attached

Subtotal (Total of this page)    21,390.00

(Complete only on last sheet of Schedule F)  **TOTAL**    21,390.00

(Report total also on Summary of Schedules)

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Kimberly Holloway** _____   Case No. _____
                              Debtor(s)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease.

Provide the names and complete addresses of all other parties to each lease or contract described.

**NOTE:** A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Helen Coleman**<br>**1249 S. Kolin**<br>**Chicago, IL  60623** | **Month to Month Residential Lease for $400** |
| **Leroy Galloway**<br>**1249 S. Kolin**<br>**Chicago, IL  60623** | **Month to Month Residential Lease for $500** |
| **Lillie Williams**<br>**3826 W. Van Buren**<br>**Chicago, IL  60624** | **Month to Month Residential Lease for $850** |

© 1993-2003 EZ-Filing, Inc (1-800-998-2424) - Forms Software Only

SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

IN RE **Kimberly Holloway** ------------------------------------------------   Case No. _____
Debtor(s)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

© 1983-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Kimberly Holloway _____    Case No. _____
                          Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Divorced** | NAMES<br>**Darnell Holmes**<br>**Kiera Spencer** | AGE<br>**17**<br>**4** | RELATIONSHIP<br>**Son**<br>**Daugher** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Assistant Store Manager** | |
| Name of Employer | **Blockbuster** | |
| How long employed | **1 Month** | |
| Address of Employer | **7900 S. Cicero**<br>**Chicago, IL** | |

| Income: (Estimate of average monthly income) | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rata if not paid monthly) | $ | 1,820.00 | $ |
| Estimated monthly overtime | $ | | $ |
| **SUBTOTAL** | $ | 1,820.00 | $ |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and Social Security | $ | 463.67 | $ |
| b. Insurance | $ | | $ |
| c. Union dues | $ | | $ |
| d. Other (specify) | $ | | $ |
| | $ | | $ |
| **SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | 463.67 | $ |
| **TOTAL NET MONTHLY TAKE HOME PAY** | $ | 1,356.33 | $ |
| | | | |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | | $ |
| Income from real property | $ | 1,750.00 | $ |
| Interest and dividends | $ | | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ |
| Social Security or other government assistance (Specify) | $ | | $ |
| | $ | | $ |
| Pension or retirement income | $ | | $ |
| Other monthly income (Specify) | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **TOTAL MONTHLY INCOME** | $ | 3,106.33 | $ |

**TOTAL COMBINED MONTHLY INCOME $** _____ **3,106.33**  (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Kimberly Holloway _____    Case No. _____
                                                    Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 988.00 |
| Are real estate taxes included?   Yes ✓  No ____ | |
| Is property insurance included?   Yes ____  No ✓ | |
| Utilities:  Electricity and heating fuel | $ 80.00 |
|       Water and sewer | $ 75.33 |
|       Telephone | $ |
|       Other **Mortgage For 1249 S. Kolin** | $ 531.00 |
|        | $ |
|        | $ |
| Home maintenance (repairs and upkeep) | $ |
| Food | $ 200.00 |
| Clothing | $ 15.00 |
| Laundry and dry cleaning | $ 15.00 |
| Medical and dental expenses | $ 15.00 |
| Transportation (not including car payments) | $ 49.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ |
| Charitable contributions | $ |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|     Homeowner's or renter's | $ 58.00 |
|     Life | $ |
|     Health | $ |
|     Auto | $ 110.00 |
|     Other _____ | $ |
|      | $ |
|      | $ |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) _____ | $ |
| | $ |
| | $ |
| Installment payments (in chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|     Auto | $ |
|     Other _____ | $ |
| | $ |
| Alimony, maintenance, and support paid to others | $ |
| Payments for support of additional dependents not living at your home | $ |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| Other _____ | $ |
| | $ |
| | $ |
| | $ |
| | $ |

| | |
|---|---:|
| **TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)** | $ 2,136.33 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A. Total projected monthly income | $ 3,106.33 |
| B. Total projected monthly expenses | $ 2,136.33 |
| C. Excess income (A minus B) | $ 970.00 |
| D. Total amount to be paid into plan each **Monthly** _____ | $ 970.00 |

(interval)

© 1993-2003 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

**IN RE** Kimberly Holloway _____   Case No. _____
                            Debtor(s)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **13** sheets, and that
                                                                              (Total shown on summary page plus 1)
they are true and correct to the best of my knowledge, information, and belief.

Date: _____   Signature: ✗ _Kimberly Holloway_ _____
                                                Kimberly Holloway                                      Debtor

Date: _____   Signature: _____
                                                                              (Joint Debtor, if any)

                                                        [If joint case, both spouses must sign.]

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that
I have provided the debtor with a copy of this document.

_____                        _____
Printed or Typed Name of Bankruptcy Petition Preparer                                    Social Security No.

_____
_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each
person.

_____                        _____
Signature of Bankruptcy Petition Preparer                                                Date

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedures may result
in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a
member or an authorized agent of the partnership) of the _____
(corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and
schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
                        (Total shown on summary page plus 1)

Date: _____   Signature: _____

                                                _____
                                                (Print or type name of individual signing on behalf of debtor)

        [An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

**Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.**

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
### Northern District of Illinois

IN RE:     Case No. _____

**Kimberly Holloway**     Chapter **13** _____
Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case if filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"*In business.*" A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"*Insider.*" The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**1. Income from employment or operation of business**

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

> AMOUNT    SOURCE (if more than one)
> **82,000.00   Employment**
>              **Year to Date $12,000.00**
>              **Last Year $39,000.00**
>              **Year Before $39,000.00**

**2. Income other than from employment or operation of business**

None ☑ State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**3. Payments to creditors**

None ☑ a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Robert J. Semrad & Associates<br>407 S., Dearborn Ste 400<br>Chicago, IL  60605 | 11-11-2003 | 300.00 |

### 10. Other transfers

None ☑ List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 11. Closed financial accounts

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, association, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 12. Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2003 EZ-Filing Inc. [1-800-998-2424] - Forms Software Only

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: _____    Signature
                             of Debtor _____
                                                                   **Kimberly Holloway**

Date: _____    Signature
                             of Joint Debtor _____
                             (if any)

_____ **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Model Plan
Rev.02/03/04

Trustee: ☐ Marshall    ☐ Meyer
         ☐ Stearns      ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:                                    ) Case No. ____ B _____
                                          )
Kimberly Holloway                    ,    ) ☑ Original Chapter 13 Plan
                                          )
                    Debtors.              ) ☐ Modified Chapter 13 Plan, dated_____

☐ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**A.**  **1.** As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is ___3___;
**Budget** (b) their ages are ___17, 4___ ; (c) total household monthly income is $___3,106___ : and (d)
**items** total monthly household expenses are $___2,136___ , leaving monthly disposable income of $___970___ .

**2.** The debtor's Schedule J includes $___0___ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ___0___ months prior to filing this case.

**B.**  **1.** The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G.
**General**
**provi-**  **2.** The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured
**sions** in Paragraph 4 of Section E of this plan, shall be modified only to the extent that (a) paying the amounts
specified in that paragraph, while making all required postpetition principal, interest and escrow payments,
shall result in full reinstatement of the mortgage according to its original terms, extinguishing any right of the
mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case,
other than costs of collection, and (b) all costs of collection, including attorneys' fees, that arise during the
pendency of this case may only be claimed by the mortgagee pursuant to the provisions of Paragraph 10 of
Section E of this plan, and if not so claimed, are waived upon completion of this plan and may not be asserted

**F I L E D**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

APR 2 3 2004

**3.** The holder of any claim secured by property of the estate, other than a mortgage treated in Section C or in
Paragraph 3 of Section E, shall retain the lien

KENNETH S. GARDNER, CLERK

☐ until receipt of all payments provided for by this plan on account of the claim, including payments
on account of any unsecured portion of the claim, /or/

**PER PLAN - LR** ☐ until receipt of all payments provided for by this plan on account of the portion of the claim that is a
secured claim under 11 U.S.C. § 506(a),

at which time the lien shall terminate and be released by the creditor.

**4.** Within 14 days of a request by the trustee, the debtor shall provide (a) copies of any tax returns filed during
the pendency of this case, and (b) a copy of the debtor's current wage statement.

**5.** The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**C.**  ☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/
**Direct**  ☑ The debtor will make current monthly payments, as listed in the debtor's Schedule J—increased or
**payment** decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or
**of claims** similar matters—directly to the following creditors holding claims secured by a mortgage on the debtor's real
**by debtor** property:

Creditor: ___Upland Mortgage___ , monthly payment, $___531___ ;
Creditor: ___Chase Manhattan Mortgage___ , monthly payment, $___988___ .

◄ **1** ►   *If this box is* ☐ *checked, additional direct mortgage payments are listed on the overflow page.*

**D.
Payments
by debtor
to the
trustee**

**1. *Initial plan term.*** The debtor will pay to the trustee $_____970_____ monthly for ___36___ months [and $_____0_____ monthly for an additional ___0___ months], for total payments, during the initial plan term, of $____34,920____. *[Enter this amount on Line 1 of Section H.]*

**2. *Adjustments to initial term.*** (a) If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section F, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments. (b) The plan will conclude, prior to the end of the initial term, at such time as all allowed claims are paid in full, with any interest required by the plan.

**E.
Disburse-
ments by
the
trustee**

The trustee shall disburse payments received from the debtor under this plan as follows:

**1. *Trustee's fees.*** Payable monthly, as authorized; estimated at ___8.00___% of plan payments; and during the initial plan term, totaling $____2,794____. *[Enter this amount on Line 2a of Section H.]*

**2. *Priority claims of debtor's attorney.*** Payable in amounts allowed by court order, in installments. Installment payments shall be made as follows, up to the allowed amount, unless lower installment payments are ordered by the court: an initial installment of one-half of the funds held by the trustee at the time the trustee receives the order allowing fees (not including amounts for current mortgage payments) and subsequent monthly installments of one-half of the regular monthly payment of the debtor (not including current mortgage payments). The total claim of debtor's attorney is estimated to be $____1,500____.*[Enter this amount on Line 2b of Section H.]*

**3. *Current mortgage payments.*** Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect.

(a) To creditor_____n/a_____, monthly payments of $_____0.00_____
These payments, over the term of the plan, are estimated to total $ _____0_____ .

(b) To creditor_____n/a_____, monthly payments of $_____0.00_____
These payments, over the term of the plan, are estimated to total $ _____0_____ .

*If this box* ☐ *is checked, additional current mortgage payments are listed on the overflow page.*
The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $_____0_____. *[Enter this amount on Line 2c of Section H.]*

**4. *Mortgage arrears.*** Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor_____Chase Manhattan Mortgage_____, arrears of $___18,500.00___, payable monthly
☐ pro rata with payments on secured claims */or/* ☒ in fixed installments of $ _____;
and payable ☐ without interest */or/* ☒ with interest at an annual percentage rate of ___0.00___ %.
These arrearage payments, over the term of the plan, are estimated to total $____18,500____ .

(b) To creditor_____Upland Mortgage_____, arrears of $___5,500.00___, payable monthly
☐ pro rata with payments on secured claims */or/* ☒ in fixed installments of $ _____0_____;

◀ **2** ▶

and payable ☐ without interest /or/ ☒ with interest at an annual percentage rate of ___0.00___ %.
These arrearage payments, over the term of the plan, are estimated to total $____5,500____.

*If this box ☐ is checked, additional direct arrearage payments are listed on the overflow page.*
The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated
to be $_____24,000_____. *[Enter this amount on Line 2d of Section H.]*

**5. *Other secured claims.*** All secured claims, other than mortgage claims treated above, are to be paid in full during the
plan term, with interest at an annual percentage rate specified below in the amounts stated (subject to reduction either
with the consent of the creditor or by court order, implemented as for reductions of mortgage arrears), regardless of
contrary proofs of claim, in monthly installments, pro rata, but with fixed monthly payments if so specified (by a
check mark and payment amount):

(a) Creditor:_____City of Chicago - Water_____ Collateral:_____12409 Kolin Ave_____
   Amount of secured claim: $_2,310____ APR _4.00_ % ☐ Fixed monthly payment: $____0.00___ ;
   Total estimated payments, including interest, on the claim: $_____2,500_____.

(b) Creditor:_____City of Chicago - Water_____ Collateral:_____3826 W. Van Buren St_____
   Amount of secured claim: $_____600_____ APR _4.00_ % ☐ Fixed monthly payment: $____0.00___ ;
   Total estimated payments, including interest, on the claim: $_____650_____.

*If this box ☒ is checked, additional secured claims are listed on the overflow page. [All claims in the
debtor's Schedule D, other than mortgages treated above, must be listed in this paragraph.]*

The total of all payments on these secured claims, including interest, is estimated to be $_____12,350_____.
*[Enter this amount on Line 2e of Section H.]*

**6. *Allowed priority claims other than those of the debtor's attorney.*** Payable in full, without interest, on a pro rata
basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is
estimated to be $_____0_____. *[Enter this amount on Line 2f of Section H.]*

**7. *Specially classified unsecured claim.*** A special class consisting of the following non-priority unsecured claim:
_____n/a_____ shall be paid at ___0___ %
of the allowed amount. The total of all payments to this special class is estimated to be $_____0_____.
*[Enter this amount on Line 2g of Section H.]*

Reason for the special class:_____n/a_____.

**8. *General unsecured claims (GUCs).*** All allowed nonpriority unsecured claims, not specially classified,
including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata,☐ in full, /or/☐ to the
extent possible from the payments set out in Section D, but not less than ___10___ % of their allowed amount.
*[Enter minimum payment percentage on Line 4b of Section H.]*

**9. *Interest.*** Interest☐ shall not be paid on unsecured claims /or/ interest ☒ shall be paid on unsecured claims,
including priority and specially classified claims, at an annual percentage rate of ___0.00___ %. *[Complete Line 4d of
Section H to reflect interest payable.]*

**10. *Costs of Collection.*** For all claims treated under Paragraphs 3, 4, and 5 of this section, costs of collection,
including attorneys fees, arising during the pendency of this case, may only be collected by the creditor
through the following procedure, unless otherwise ordered by the court: (a) the costs must be itemized in a
notice, served within 90 days of the time the costs arose, on the trustee, the debtor, and the debtor's attorney;
(b) unless subject to an objection filed within 14 days after notice of the costs of collection is given, the costs
will be deemed allowed and approved as reasonable by the court; (c) the trustee shall commence making
payments of the costs to the creditor, in the manner set forth below; (d) in the absence of objection, payments
of the costs of collection shall be made with the regular monthly plan disbursements, commencing with the

◀ 3 ▶

first disbursement taking place at least 21 days after notice of costs is given; (e) payments shall be in equal monthly amounts pro rated over the months remaining in the plan, unless the debtor agrees to larger monthly payments; (f) any party objecting to the payment of costs of collection must file and serve on the trustee, debtor, debtor's attorney and the creditor seeking payment, a written objection with a notice setting a hearing before the court within 14 days of filing; (g) upon receipt of objection, the trustee shall make no payment of the costs of collection until the objection is resolved by the court and shall thereafter make payment of any amount allowed by the court in equal monthly installments prorated over the remaining months of the plan, or in such other amounts as the court may order. However, in the event that a creditor is granted relief from the automatic stay or the case is converted or dismissed, costs of collection, whether or not approved by the court, shall be collected in accordance with otherwise applicable law and not paid by the trustee pursuant to the procedure set forth above.

**F.**
**Priority**

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority: (1) trustee's authorized percentage fee; (2) priority claims of the debtor's attorney; (3) secured claims paid in fixed monthly installments (pro rata in the event of an insufficiency); (4) costs of collection on secured claims; (5) secured claims not paid in fixed installments; (6) priority claims other than those of the debtor's attorney; (7) specially classified nonpriority unsecured claims; and (8) general unsecured claims.

**G.**
**Special**
**terms**

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. **The provisions will not be effective unless there is a check in the notice box preceding Section A.**

**H.**
**Sum-**
**mary of**
**payments**
**to and**
**from the**
**trustee**

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) — $ 34,920

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):

| | | |
|---|---|---|
| (a) Trustee's Fees | $ 2,794 | |
| (b) Priority payments to debtor's attorney | $ 1,500 | |
| (c) Current mortgage payments | $ 0 | |
| (d) Payments of mortgage arrears | $ 24,000 | |
| (e) Payments of other allowed secured claims | $ 12,350 | |
| (f) Payments of non-attorney priority claims | $ 0 | |
| (g) Payments of specially classified unsecured claims | $ 0 | |
| (h) Total *[add Lines 2a through 2g]* | | $ 40,644 |

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* — $ -5,724

(4) Estimated payments required after initial plan term:

| | | |
|---|---|---|
| (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ 21,590 | |
| (b) Minimum GUC payment percentage | 10 % | |
| (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ 2,159 | |
| (d) Estimated interest payments on unsecured claims | $ 0 | |
| (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ 2,159 | |
| (f) Payments available during initial term *[enter Line 3]* | $ -5,724 | |
| (g) Additional payments required *[subtract Line 4f from line 4e]* | | $ 7,883 |

(5) Additional payments available:

(a) Debtor's monthly payment less trustee's fees and
current mortgage payments made by the trustee        $    892

(b) Months in maximum plan term after initial term        24

(c) Payments available *[multiply line 5a by line 5b]*        $   21,418

**Sig-natures:**

Debtor _____    Date _____

Debtor _____    Date _____

Debtor's Attorney _____    Date   4/23/84

**Attorney Information (name, address, telephone, etc.)**

Robert j. Semrad & Associates
400 S. Dearborn Ave;
Suite # 400
Chicago, IL, 60605

Start Over

### Special Terms *[as provided in Paragraph G]*

n/a

5

**Overflow Page** [*Attach only if necessary*]

**C.**
**Direct**
**payment**
**of claims**
**by debtor**

Creditor: _____ n/a _____, monthly payment, $ ____0____ ;
Creditor: _____ n/a _____, monthly payment, $ ____0____ .
Creditor: _____ n/a _____, monthly payment, $ ____0____ .

**E.**
**Disburse-**
**ments by**
**the**
**trustee**

### 3. Current mortgage payments.

(c) To creditor_____ n/a _____, monthly payments of $ ____0.00____ .
These payments, over the term of the plan, are estimated to total $ ____0____ .
(d) To creditor_____ n/a _____, monthly payments of $ ____0.00____ .
These payments, over the term of the plan, are estimated to total $ ____0____ .
(e) To creditor_____ n/a _____, monthly payments of $ ____0.00____ .
These payments, over the term of the plan, are estimated to total $ ____0____ .

### 4. Mortgage arrears.

(c) To creditor_____ n/a _____, arrears of $ ____0.00____ , payable monthly
☐ pro rata with payments on secured claims */or/* ☒ in fixed installments of $ ____0____ ;
and payable ☐ without interest */or/* ☒ with interest at an annual percentage rate of ____0.00____ %.
These arrearage payments, over the term of the plan, are estimated to total $ 0 _____ .

(d) To creditor_____ n/a _____, arrears of $ ____0.00____ , payable monthly
☐ pro rata with payments on secured claims */or/* ☒ in fixed installments of $ ____0____ ;
and payable ☐ without interest */or/* ☒ with interest at an annual percentage rate of ____0____ %.
These arrearage payments, over the term of the plan, are estimated to total $ ____0____ .

(e) To creditor_____ n/a _____, arrears of $ ____0.00____ , payable monthly
☐ pro rata with payments on secured claims */or/* ☒ in fixed installments of $ ____0____ ;
and payable ☐ without interest */or/* ☒ with interest at an annual percentage rate of ____0.00____ %.
These arrearage payments, over the term of the plan, are estimated to total $ ____0____ .

### 5. Other secured claims.

(c) Creditor: ____Onyx Acceptance Corp____ Collateral: ____2001 Chevrolet Monte Carlo____
Amount of secured claim: $ ____8,800____ APR ____4.00____ % ☐ Fixed monthly payment: $ ____0.00____ ;
Total estimated payments, including interest, on the claim: $ ____9,200____ .
(d) Creditor: ____n/a____ Collateral: ____n/a____
Amount of secured claim: $ ____0____ APR ____ % ☒ Fixed monthly payment: $ ____0.00____ ;
Total estimated payments, including interest, on the claim: $ ____0____ .
(e) Creditor: ____n/a____ Collateral: ____n/a____
Amount of secured claim: $ ____0____ APR ____% ☒ Fixed monthly payment: $ ____0.00____ ;
Total estimated payments, including interest, on the claim: $ ____0____ .
(f) Creditor: ____n/a____ Collateral: ____n/a____
Amount of secured claim: $ ____0____ APR ____% ☒ Fixed monthly payment: $ ____0.00____ ;
Total estimated payments, including interest, on the claim: $ ____0____ .
(g) Creditor: ____n/a____ Collateral: ____n/a____
Amount of secured claim: $ ____0____ APR ____% ☒ Fixed monthly payment: $ ____0.00____ ;
Total estimated payments, including interest, on the claim: $ ____0____ .

◀ 6 ▶

## United States Bankruptcy Court
### Northern District of Illinois

IN RE:

Case No. _____

Kimberly Holloway _____

Chapter **13** _____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **2,200.00**

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **500.00**

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,700.00**

2.   The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3.   The source of compensation to be paid to me is: ☑ Debtor ☐ Other (specify):

4.   ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐   I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.   ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
e.   [Other provisions as needed]

6.   By agreement with the debtor(s), the above disclosed fee does not include the following services:

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

4/22/04
_____
Date

_____
Signature of Attorney

**Robert J Semrad & Associates 407 S Dearborn Ave**
Name of Law Firm

---

DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

> The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Neither the judge nor the court's employees may provide you with legal advice.

### Chapter 7: Liquidation ($155 filing fee plus $30 administrative fee plus $15 trustee surcharge)*

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under Chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a Chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to a valid security interest. Your attorney can explain the options that are available to you.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $30 administrative fee)*

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for Chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under Chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually the period allowed by the court to repay your debts is three years, but not more than five years. Your plan must be approved by the court before it can take effect.

3. Under Chapter 13, unlike Chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

### Chapter 11: Reorganization ($800 filing fee plus $30 administrative fee)*

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision for an individual to file a Chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer ($200 filing fee plus $30 administrative fee)*

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to a Chapter 13. The eligibility requirements are restrictive, limiting its use to those who income arises primarily from a family owned farm.

\* Fees are subject to change and should be confirmed before filing.

## ACKNOWLEDGEMENT

I, the debtor, affirm that I have read this notice.

Case Number

_____                    _____                    _____
Date                           Kimberly Holloway / Debtor                  Joint Debtor, if any

**INSTRUCTIONS:** If the debtor is an individual, a copy of this notice personally signed by the debtor must accompany any bankruptcy petition filed with the Clerk. If filed by joint debtors, the notice must be personally signed by each. Failure to comply may result in the petition not being accepted for filing.